UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00192-MTS |
| | ) | |
| CORNERSTONE REALTORS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Cornerstone Realtors, LLC ("Cornerstone");

LC Lafayette Partners, LLC ("Lafayette"); and The Hinrichs Group, Inc. ("Hinrichs")'s Motion to

Dismiss for Failure to Prosecute.[1]   Doc. [36].   Plaintiff has opposed Defendants' Motion,

Doc. [40], and Defendants filed their Reply in Support, Doc. [41].  This matter is fully briefed and

ready for decision.   For the reasons that follow, the Court will (1) deny Defendants' Motion at

this time, (2) admonish Plaintiff and warn him that similarly dilatory conduct by him or his counsel

will result in sanctions up to and including dismissal, and (3) issue a new Alternative Dispute

Resolution ("ADR") Referral Order so that the parties will have an opportunity to resolve this

matter at a future mediation.

\*

Plaintiff brings this action under the Fair Housing Act, as amended by the Fair Housing

Amendments Act, 42 U.S.C. §§ 3601–3619 (the "FHAA"), alleging that the "developers,

architects, builders, contractors, and/or owners of . . . [an] apartment complex . . . located at 2200

LaSalle Street in St. Louis, Missouri," violated the FHAA's "accessibility and usability

---

[1] Defendant HOK Architects, Inc. ("HOK") has not expressly joined in the Motion to Dismiss.  Doc. [36].

requirements." Doc. [1] ¶¶ 1–2. Defendants deny doing so in their responsive pleadings. *See generally* Docs. [13], [14], [16], [17].

On June 10, 2025, the Court entered a Case Management Order setting forth various deadlines to facilitate the orderly litigation of this matter, including: (1) an October 20, 2025, deadline to join additional parties or file amended pleadings; (2) an October 14, 2025, deadline for Plaintiff to "designate all expert witnesses" and provide any corresponding expert reports; (3) a September 02, 2025, deadline to request an inspection of the relevant property pursuant to Federal Rule of Civil Procedure 34; and (4) an ADR referral date of October 16, 2025. Doc. [32] at 1–3. The Court's subsequent ADR Referral Order designated Plaintiff's attorney as Lead Counsel and required him to "notify the clerk of the [parties'] agreed choice of neutral . . . and the date, time and location of the initial ADR Conference" no later than November 06, 2025. Doc. [33]. Plaintiff's counsel did not meet this deadline. Eleven days later, on November 17, 2025, Plaintiff's counsel filed a Motion for Extension of Time seeking five additional days to comply. Doc. [35].

The next day, Defendants Cornerstone, Lafayette, and Hinrichs filed their Joint Motion to Dismiss for Failure to Prosecute. Doc. [36]. They contend that Plaintiff "has utterly failed to prosecute his case." Doc. [37] at 1. In addition to Plaintiff's counsel's failure to spend "any time conferring with opposing counsel on the issue of [ADR]," *id.* at 3, Defendants assert that he failed to amend Plaintiff's Complaint before the October 20, 2025, deadline, despite expressing an intent to do so at the Court's Rule 16 scheduling conference, *id.* at 1. Further, Defendants state that Plaintiff has neither "requested an inspection of the subject property," nor "designated an expert" by the applicable case deadlines. *Id.* In sum, Defendants argue that "[t]his case has stalled and sat idle due to Plaintiff's failure to prosecute." *Id.* at 3. From their perspective, "[i]f the Court does

not dismiss [Plaintiff's] Complaint, the entire Case Management Order will need to be reworked because of Plaintiff and his counsel." *Id.*

In his response, Plaintiff's counsel does not dispute allowing the above deadlines to lapse. He candidly admits that "[t]he delays described in the motion . . . can be traced to counsel's inability during August and September 2025 to find an expert with availability to meet . . . [the applicable] disclosure deadline." Doc. [40] at 2. His "intention to contact and seek consent [from] opposing counsel and request relief from the Court regrettably [was] choked out by the press of [his] professional calendar and trial schedule." *Id.* He agrees "that the Court should not condone . . . [either Plaintiff or his counsel's] inattention and failure to prosecute this case," but because there has been no showing of "bad faith, deliberate misconduct, or tactical delay," dismissal would be too drastic a sanction. *Id.*

The Federal Rules of Civil Procedure empower a district court to dismiss an action "for failure of a plaintiff to prosecute or comply with [the Federal Rules] or any court order." Fed. R. Civ. P. 41(b). This power, however, "is not unlimited." *Bergstrom v. Frascone*, 744 F.3d 571, 574 (8th Cir. 2014) (quoting *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)). "The sanction imposed by the district court must be proportionate to the litigant's transgression." *Id.* at 574–75. To that end, an involuntary dismissal for failure to prosecute "is a 'drastic and extremely harsh sanction.'" *Skelton v. Rapps*, 187 F.3d 902, 908 (8th Cir. 1999) (quoting *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985)). Imposing that sanction "is proper only when there has been 'a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (quoting *Garland v. Peebles*, 1 F.3d 683, 686 (8th Cir. 1996)).

Upon careful consideration of the parties' briefs, the Court concludes that Plaintiff's counsel's conduct—while improper—does not warrant dismissal. Defendants identify four

lapsed case deadlines, falling within a period of approximately two months.  Defendants make no assertion that either Plaintiff or his counsel has failed to engage in discovery or that they have refused to answer discovery that the Defendants have propounded.  When courts dismiss cases for a party's failure to prosecute, they often do so as a sanction for conduct that is more flagrant and disruptive than the conduct summarized above.  Further, those courts have often warned the offending party that future misconduct will result in dismissal.  *See Reger v. Wilhite*, 1:18-cv-00098, 2020 WL 3489356, at *1 (E.D. Mo. June 26, 2020) (dismissing the action after plaintiff failed to respond to discovery requests, failed to appear for his deposition, and failed to respond to the court's show-cause order why his case should not be dismissed under Rule 41(b)); *see also Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (affirming dismissal after plaintiffs' failure to attend status conferences and to comply with the court's discovery orders, even after the court imposed monetary sanctions and warned plaintiffs of the possibility of dismissal if noncompliance persisted).

Moreover, before dismissing an action, the Court must consider the propriety of "a less severe sanction" that can remedy both "the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party."  *Arnold*, 627 F.3d at 722.  Here, based on Plaintiff's counsel's own admissions, a lesser sanction is self-enforcing.  Federal Rule of Civil Procedure 6(b)(1)(B) imposes an "excusable neglect" standard for extending case deadlines that have already expired.[2]  "The determination of whether neglect is excusable is at bottom

---

[2] "Excusable neglect under Rule 6(b)(1)(B) is the same standard applicable to Rules 55(c) and 60(b)."  *Marvin v. C-VISN*, 5:12-cv-05073-JLV, 2014 WL 4715716, at *8 (D.S.D. Sept. 22, 2014) (citing *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010)).

an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Chorosevic*, 600 F.3d at 946.  The key consideration in this analysis is the "reason for the delay and whether it was within the reasonable control of the [party seeking relief]." *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 368 (8th Cir. 2018) (describing the reason for delay as "the most important factor").  For this reason, "[t]he cases in the Eighth Circuit are numerous and unequivocal that 'an attorney's ignorance or carelessness does not constitute excusable neglect.'"  *Warner v. Dillard's, Inc.*, 4:05-cv-00664-MLM, 2006 WL 27429, at *3 (E.D. Mo. Jan. 5, 2006) (quoting *United States v. Puig*, 419 F.3d 700, 702 (8th Cir. 2005)).

Furthermore, "[a]ttorney carelessness from a busy practice does not constitute 'excusable neglect.'"  *Williams v. Insomnia Cookies, LLC*, 4:23-cv-00669-HEA, 2025 WL 2695262, at *3 (E.D. Mo. Sept. 22, 2025) (citing *Sutherland v. ITT Cont'l Baking Co.*, 710 F.2d 473, 475–77 (8th Cir. 1983)); *accord McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (per curiam) ("It is well established, however, that the fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)(2).").  Nor does an attorney's decision to prioritize other matters over impending case deadlines.  *See Giles*, 908 F.3d at 369 (finding no excusable neglect where "counsel [did] not claim that he was unaware of the response deadline, or that he somehow inadvertently missed it" but rather "prioritized other matters").  And here, the only explanation that Plaintiff's counsel puts forth for allowing the above deadlines to lapse is the press of other business; that is, his inability to seek a timely extension of those deadlines was due to "the press of [his] professional calendar and trial schedule." Doc. [40] at 2.  This is simply not a basis to grant an extension of any past-due deadlines in this case.  As a result, it appears that the operative Case Management Order—at least as it relates

to Plaintiff's past-due discovery deadlines—must remain in effect.[3]  Of course, the parties remain free to seek other amendments to the case schedule as appropriate.  *See* Fed. R. Civ. P. 6(b).

Finally, the Court addresses its prior Order referring this action to ADR.  Doc. [33].  The Local Rules of the Eastern District of Missouri empower the Court to "refer appropriate civil cases" to "mediation or early neutral evaluation" or "any ADR process upon which the parties may agree."  E.D. Mo. L.R. 6.01.  The Court may do so "on its own motion or on the motion of any party."  *Id.*  Upon consideration of the claims at issue in this case and the progress of the litigation to date, the Court continues to believe "that this cause is appropriate for referral to an alternative form of dispute resolution."  Doc. [33] at 1.  Therefore, "on its own motion," the Court will vacate its prior referral Order, including its corresponding deadlines, and will issue a new one.  *See* E.D. Mo. L.R. 6.01.  Unless an appropriate, timely extension is sought, *see id.* at 6.05(E) (requiring designated lead counsel to request an extension of a deadline <u>prior to</u> its expiration), the Court will expect strict compliance with the deadlines therein, *see id.* ("Failure to comply with any deadline may result in the imposition of sanctions.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cornerstone Realtors, LLC; Defendant LC Lafayette Partners, LLC; and Defendant The Hinrichs Group, Inc.'s Motion to Dismiss for Failure to Prosecute, Doc. [36], is **DENIED**.

---

[3] Plaintiff's counsel's suggestion "that the Court should not condone . . . [either Plaintiff or his counsel's] inattention and failure to prosecute this case," Doc. [40] at 2, is well taken.  Therefore, the Court warns Plaintiff and Plaintiff's counsel that similarly dilatory conduct in the future will result in sanctions up to and including dismissal.  *See, e.g.*, *Hegwood v. Int'l Paper Co.*, 4:24-cv-00241, 2025 WL 895359, at *1 (E.D. Mo. March 24, 2025) (warning counsel that failure to abide by the Court's orders would "result in an appropriate sanction"); *see also Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001) ("It is a well-established principle in [the Eighth Circuit] that a party may be held responsible for the actions of its counsel.").

**IT IS FURTHER ORDERED** that the Court's October 16, 2025, Order Referring Case to Alternative Dispute Resolution, Doc. [33], is **VACATED**.  A new ADR referral Order will be entered herewith.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for an Extension of Time, Doc. [35], is **DENIED** as moot.

Dated this 21st day of January 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE